# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>            Plaintiff,<br><br>    v.<br><br>WECHSLER, et al.,<br><br>            Defendants. | Case No.  1:16-cv-01114-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER OR INJUNCTIVE RELIEF FOR LACK OF JURISDICTION**<br><br>**(Doc. 8)** |

Plaintiff, Jeffrey E. Walker, is a *pro se* civil detainee who filed this civil rights action pursuant to 42 U.S.C. § 1983.  On August 22, 2016, Plaintiff filed a motion requesting dismissal of this case without prejudice which resulted in closure of the case pursuant to Federal Rule of Civil Procedure 41(a)(1)(i) on August 29, 2016.  (Docs. 6, 7.)  On September 23, 2016, Plaintiff filed a motion for injunctive relief or temporary restraining order.  (Doc. 8.)

Since Plaintiff voluntarily dismissed this action, there is no actual case or controversy before the Court at this time and Court lacks the jurisdiction to issue the orders sought by Plaintiff.  *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  Further, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and

1

subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's assertions concerning the conditions under which he is being housed which cause him to experience post traumatic stress disorder anxiety and exacerbate his mental health condition cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for the relief Plaintiff seeks. However, a copy of this order and Plaintiff's motion will be served on the Executive Director of Coalinga State Hospital to assist with addressing Plaintiff's concerns.[1]

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for injunctive relief, filed on September 23, 2016, is DENIED for lack of jurisdiction, and the Clerk's Office is directed to forward a copy of this order and Plaintiff's motion (Doc. 8) to the Executive Director at Coalinga State Hospital to assist with addressing Plaintiff's concerns.

IT IS SO ORDERED.

Dated:   **October 3, 2016**                               /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The manner of addressing Plaintiff's concerns is left to the sound discretion of prison officials in light of his housing status and other custody or classification factors.